Nov. Term,
1850.

Marvel
v.
Redman.

MARVEL *v.* REDMAN.

The relation of landlord and tenant must be existing between the parties in order to give the justices jurisdiction in the summary proceedings authorized by chapter 45, article 5, of R. S., 1843.

*Tuesday,*
*November 26.*

ERROR to the *Gibson* Circuit Court.

SMITH, J.—This was a proceeding commenced before two justices of the peace, by *Redman* against *Marvel,* to recover possession of a quarter section of land, under the statute relative to proceedings against tenants holding over. Chapter 45, article 5, R. S.

An appeal was taken to the Circuit Court, where a judgment was rendered in favor of the plaintiff.

The evidence is set out in a bill of exceptions.

The plaintiff introduced a patent from the *United States* for the land in question to *Painter Marvel,* assignee of *Elisha Marvel,* dated *May* 19th, 1828. He then introduced two deeds, executed by *Painter Marvel* and wife, one dated *October* 27th, 1847, conveying to *Martilia Redman,* (their daughter,) the one undivided third part of said tract of land, and another of the same date conveying the remaining two thirds to *Samuel Redman.* He then proved that he had given notice to the defendant, *Orpha Marvel,* to deliver to him possession of the north half of said quarter section of land, held by her as his tenant at sufferance.

The defendant then proved that *Painter Marvel* and his father, *Elisha,* the husband of the defendant, in 1817, entered the quarter section in partnership; that *Elisha* took possession of the north half and *Painter* of the south half; that *Elisha* occupied his part about twenty-nine years and to the time of his death, making valuable improvements; that a division line was agreed upon and each occupied his portion of the premises. The defendant also offered some testimony tending to prove that *Elisha* had paid part of the purchase-money, and that the part occupied by him had always been recognized by *Painter* as his part.

Nov. Term,
1850.

The plaintiff then offered evidence tending to prove that *Elisha* assigned the certificate of entry to *Painter* because he was unable to pay his portion of the purchase-money, and that it was agreed the patent should be taken out in the name of *Painter*, and that if *Elisha* should afterwards pay his proportion to *Painter*, he should have one half the land, and, at all events, he should have one half the land during his life. He also proved some admissions by *Elisha* (who died about two years before the suit was commenced,) to the effect that he had not paid his proportion of the purchase-money.

This evidence does not show any relation of landlord and tenant existing between the parties, and it is not, therefore, a case in which the provisions of the statute relative to tenants holding over are applicable. In the case of *Avery* v. *Smith*, 8 Blackf. 222, it was held that there must be such relation to give the justices jurisdiction in the summary proceedings authorized by the statute. That case was covered by the act of 1838, but the act of 1843, is substantially similar in all the provisions bearing upon this point.

*Per Curiam.*—The judgment is reversed, &c.

*C. Baker*, for the plaintiff.

*J. G. Jones*, for the defendant.