## BRADLEY VS. HUME.

A demurrer which, by relation, reaches back to the declaration, is a general demurrer; and if the facts alleged in the declaration can, by no manner of stating them, show a right of action in the plaintiff, the declaration is insufficient; otherwise, it is good. (6 *Eng.* 12; 1 *Ib.* 215; 2 *Ark.* 115.)

An action of *forcible detainer* will lie at the suit of a purchaser of land, which at the time of the purchase was in the possession of a tenant under a lease from the vendor, upon demand, etc., after the expiration of the term for which it was leased. (*McGuire vs. Cook*, 13 *Ark.* 448, approved, except so far as it may decide that the plaintiff can in *no case* sustain the action unless he has been in actual possession of the land.)

The Statute (prior to the act of 19th July, 1855,) did not authorize an inquest of damages in favor of the defendant, in an unsuccessful action of forcible detainer. (*Fowler vs. Knight*, 5 *Ark.* 43.)

*Appeal from the Circuit Court of Crittenden county.*

The Hon. GEORGE W. BEAZLEY, Circuit Judge.

CUMMINS for the appellant.

On demurrer to plea, the Court can only regard such defects in declaration as are absolutely fatal. 2 *Ark. Rep.* 115.

The assignee of a lessee is a tenant, and subject to the same remedies as the original lessee; and so the assignee of lessor is landlord and entitled to the same remedies as original lessor. 2 *Eng.* 329; *Arch. L. & T.* 69, 70; *Com. L. & T.* 257, 258, 259.

Act of January 19, 1855 cannot warrant assessment of damages on judgment for defendant. It can only apply to future cases. 1 *Eng.* 484.

FOWLER & STILLWELL, for the appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

On the 11th of December, 1847, Bradley commenced an action of unlawful detainer against Hume, in the Crittenden Circuit Court, by filing the following declaration, etc.

" Thomas H. Bradley, by attorney, complains of Weden M. Hume, etc., Wherefore, he unlawfully detains the possession of the lands and tenements of the said plaintiff, situate in said county, after the expiration of the right of the said defendant, etc., to the possession thereof, etc.

" For that the said defendant, on or about the 24th day of October, 1843, at the county aforesaid, leased, rented and obtained of one Allanson Morehouse, the possession of a certain tract or parcel of land, situate in said county, it being four hundred and thirty-five acres of a Spanish grant containing six hundred and forty acres, known as the John Grace confirmation lying at the mouth of Wappanocca Bayou, on the Mississippi river, for and during the term of eight years from the day and year last aforesaid: and the said defendant, etc., acknowledged himself to be the tenant and lessee of the said Allanson Morehouse: and the said defendant and the said Morehouse, on the 9th day of November, 1846, canceled the said lease; and the said defendant agreed and bound himself in writing, under his hand and seal, to the said Morehouse, to relinquish, and did, on the day and year last aforesaid, relinquish all right and title to the said lease to him, the said Morehouse, and agreed with the said Morehouse to give him possession of the said land, on the day and year last aforesaid, to the first day of August, 1847, on which said mentioned day, the said defendant, by said agreement in writing was to give and surrender to the said Allanson Morehouse, complete and full possession of said lands, and every part thereof—his said lease being then totally at an end and fully determined: and the said plaintiff has, since the said agreement of 9th day of November, 1846, for the cancellation and expiration of said lease, become the purchaser of the said lands, and the possession thereof from the said Morehouse, and was put in possession thereof. Yet, the said defendant, (although the time for which the possession of the said tract of land was let to him as aforesaid, has been fully determined and

ended, by his said agreement of the 9th of November, 1846,) wrongfully, wilfully, and with force, holds over the said lands and tenements, after demand made in writing by the said plaintiff, for the delivery of the possession thereof to him the said plaintiff by the said defendant, since the expiration of the said lease—wherefore, the said plaintiff saith he is injured and aggrieved, and prays to be restored to the possession of said lands, and every part thereof."

A writ was issued, and the plaintiff having executed the bond required by the statute, the sheriff put him in possession of the premises described in the declaration.

The defendant filed three pleas: 1st. That he did not detain the premises in manner and form as alleged, etc.; 2d and 3d. That he held possession of the lands under a parol contract to purchase them of the plaintiff, etc.

The plaintiff demurred to the pleas; the defendant conceded the demurrer as to the 2d and third pleas; and the Court held the first plea to be good; but the defendant insisted that the demurrer reached back to the declaration, and that it was insufficient; and the Court so decided, and sustained the demurrer as to the declaration; and the plaintiff declining to amend, judgment was rendered in favor of the defendant, for a restoration of the premises. Against the protestation of the plaintiff, the Court also caused a jury to be empanneled to assess damages in favor of the defendant; they were assessed at $1,-700, and final judgment was rendered accordingly. The plaintiff moved for a new trial, and in arrest of judgment; both motions were overruled, and he excepted and appealed to this Court.

The demurrer was sustained to the declaration, and the damages assessed, etc., at the November term, 1855.

A demurrer which, by relation, reaches back to a previous pleading, is a general demurrer, and will cure a good title defectively stated; but will not cure a declaration where no title is shown. *Outlaw et al. vs. Yell, Govr.*, 5 *Ark. R.* 468.

The demurrer in this case reaching the declaration by relation, and therefore, operating only as a general demurrer, if

the facts alleged in the declaration could, by no manner of stating them, show a right of action in the plaintiff, the declaration was insufficient, otherwise it was good. *Gordon vs. State,* 6 *Eng. R.* 12. *Cravens et al. vs. Mileham,* 1 *Eng. R.* 215. *Davis vs. Gibson,* 2 *Ark.* 155.

The substance of the declaration is, that Morehouse leased the land to the defendant, and afterwards sold it to the plaintiff, and that the defendant held over after the determination of his lease.

If the plaintiff could not maintain an action of unlawful detainer, unless he had been actually in possession of the land, and let it directly himself to the defendant, or to some one under whom he claimed, the declaration in this case is insufficient.

In *McGuire vs. Cook,* 13 *Ark. R.* 448, the declaration was held to be bad, because *first,* none of the counts alleged that the plaintiff was possessed of the premises; and, *second,* there was a misjoinder of causes of action. The language used in portions of the opinion is very broad and comprehensive, and would seem to import that the Court meant to decide that *in all cases the plaintiff must allege that he was in possession of the premises.*

If such be the proper construction of the statute affording a summary remedy for the possession of real property, where it is wrongfully withheld from the party rightfully entitled to it, the scope of its usefulness is greatly restricted.

Let it be assumed that the plaintiff can in no case maintain the action of unlawful detainer unless he has himself been actually in possession of the premises, and see what will be the result upon the remedy.

A, residing in Crittenden county, is the owner of a tract of land in Phillips, to which he has the undisputed right of possession, but has never actually occupied it. He leases it to B, for a term of one or more years, and at the expiration of the term, B refuses to surrender possession to A, on demand. Here, although the relation of landlord and tenant exists directly between the parties, yet A, never having been actually in posses-

sion of the land, could not maintain unlawful detainer. This is but a single illustration of thousands of similar cases that might occur in this State, where there are so many persons owning lands and tenements which are under their dominion, but which are not actually occupied by them.

Again C is the owner and in possession of land. He leases it to D for a term, and then sells and conveys the land by absolute deed to E without reservation of the lease. D attorns to E, and pays him the rent until the expiration of the term, and then refuses to surrender the possession to him. Here, by the attornment, D becomes the tenant of E, and the relation of landlord and tenant between them is perfect; but E cannot recover the possession of the premises by unlawful detainer, because he never actually possessed them.

Moreover, F rents land, of which he is the owner, and possessed, to G, for a stipulated period. F afterwards dies, and the land descends, or is devised to his heir, or becomes assets in the hands of his executor or administrator for the payment of debts. Here, although the heir, executor or administrator stands precisely in the place of F, the landlord, and succeeds to all his rights, yet, if the tenant hold over after the expiration of his term, neither of them can turn him out by unlawful detainer, because he was never actually possessed of the land.

But, upon a careful examination of all the provisions of the statute relating to this form of action, there is not an expression in any section that is inconsistent with the right of action in cases like those above referred to, but the scope, spirit and manifest intention of the statute, as indicated by all its provisions, favor the right of action in such cases.

In the declaration now before us, there is no allegation that the defendant attorned to the plaintiff after he purchased the premises of Morehouse, the landlord, yet, upon the hypothesis that it was necessary for the plaintiff himself to have been actually possessed of the land to have entitled him to bring the action, such an allegation would not have bettered the declaration.

If the allegations in the declaration be true, and they must

be so regarded on demurrer, the plaintiff succeeded to the right
of possession of the landlord as against the defendant, who,
under a general rule of law, was estopped from denying that
he occupied the premises as a mere tenant.

On the trial of an issue to the declaration, if the plaintiff
could prove the lease by Morehouse to the defendant, his occu-
pation as a mere tenant under the lease, the determination of
his term, the purchase by the plaintiff of Morehouse, and the
refusal of the defendant to surrender the possession on demand
in writing, as alleged in the declaration, we think the plaintiff
would make out a *prima facie* case for recovery. If it be ob-
jected that the plaintiff would have to read in evidence his
deed from Morehouse to make out his case, and the title would
thereby be brought in question, the answer to the objection is,
that the plaintiff would have the right to read his deed in evi-
dence for the purpose of showing his right to the possession of
the land, and the extent thereof, as provided by *sec.* 17 *of the
Statute Dig. ch.* 71. For no other purpose can the title be ad-
judicated upon, or given in evidence.

The following adjudications upon statutes similar to ours,
support the right of an heir, devisee, administrator, etc., or
vendee of the landlord, succeeding to his rights, to maintain
the action against the tenant holding over after the expiration
of his term. Some of them are directly in point, and others
are applicable on principle:

*Mason vs. Bascom,* 3 *B. Mon.* 269. *Herndon vs. Bascom,* 8
*Dana* 113. *Turley vs. Foster,* 2 *A. K. Marsh.* 204. *Hildreth
vs. Conant,* 10 *Metc.* 298. *Hollis vs. Pool,* 3 *Metc.* 350. *Rabe
vs. Fyler,* 10 *Sm. & Mar.* 440. *Cummings vs. Kilpatrick,* 23
*Miss.* (1 *Cush.*) 106, 6*th vol. sup. U. S. Dig.* 313. *Allen vs.
Gibson,* 4 *Rand.* 470. *Bowser vs. Bowser,* 8 *Humph.* 23. *Avery
vs. Smith,* 8 *Black.* 223. *Stinsen vs. Gasset,* 4 *Ala.* 171.

In some of the States whose decisions are cited above, the
statutes embrace, in their terms, persons succeeding to the
rights of the landlord, but there is nothing in our statute exclud-
ing them, and restricting the right of action to the landlord

himself; and, as above remarked, it would be a narrow view of the object of the statute so to restrict its operation.

Missouri, however, goes the full length of restricting the right of action to the landlord, and denies it to his vendee, (*Holland vs. Reed*, 11 *Mo.* 605,) or his devisee. *Picob vs. Masterson*, 12 *Ib.* 303.

So much of the opinion of this Court in *McGuire vs. Cook* as declares the action in question to be merely possessory, and that, as a general rule, the plaintiff must have been possessed of the premises, to entitle him to maintain this form of remedy, and that he cannot recover upon mere constructive possession arising from his title; and that the action was not designed to be concurrent in all cases with ejectment is fully approved and confirmed. But so much of that opinion as may seem to decide that the plaintiff can in *no case* sustain the action unless he has been himself *actually* in possession of the land, we do not approve. On page 455 of the book containing the opinion, the exceptions to the general rule, which we have been discussing, were referred to; and on the succeeding page, the proper construction of the last clause of the third section of the statute, which authorizes the action of unlawful detainer, was expressly left open for future adjudication.

We think the great criterion of this form of action is the relation of landlord and tenant, actual or constructive, rather than the mere fact of *actual possession* of the land by the plaintiff.

Other objections are made to the declaration, but they are merely formal, and do not vitiate upon general demurrer.

The counsel for the appellee concedes that the judgment of the Court below upon the inquest of damages, must be reversed. The statute in existence when the action was brought, did not authorize the inquest of damages in favor of defendant, but left him to his remedy upon the plaintiff's bond. *Fowler vs. Knight*, 5 *Eng.* 43. It is not insisted that the act of 19th January, 1855, (*Pamph. Acts of* 1854, *p.* 187) is applicable to this case.

Both the judgment upon the demurrer, and the judgment upon the inquest of damages, are reversed, and the cause remanded with instructions to the Court below to sustain the motion in arrest of judgment, and to permit the parties to amend their pleadings if they desire to do so, and that the cause proceed in accordance with law, and not inconsistent with this opinion.

Mr. Justice HANLY, not sitting.