## FRANK ET AL. VS. HEDRICK.

The case of *McGuire vs. Cook*, 13 *Ark. R.* 448, as modified by *Bradley vs Hume, ante p.——*, as to the allegations of the declaration in an action of *unlawful detainer*, approved.

There can be no doubt that the pleas copied in the transcript, were legally filed in the Court below, where the clerk certified that they were "filed in open Court, Oct. 9, 1855," and the record entry, of the same date, states that the defendant, by attorney, filed his two pleas, No. 1 and 2."

Ordinarily, it is irregular in practice to interpose a demurrer to the declaration after pleas in bar have been filed. But such irregularity will not avail the plaintiff, when the defect in his declaration is not only a substantial one, but of such a character that advantage might be taken of it, as well upon a motion in arrest, or writ of error, as upon demurrer.

*Appeal from Chicot Circuit Court.*

The Hon. THEODORIC F. SORRELLS, Circuit Judge.

FOWLER & STILLWELL for the appellants.

CUMMINS & GARLAND for the appellees.

Mr. Justice HANLY, delivered the opinion of the Court.

The appellants brought unlawful detainer in the Chicot Circuit Court, alleging in their complaint or declaration, that, on the 9th of August, A. D. 1855, the appellants were entitled to the possession of a certain tract of land and premises, situate in the county of Chicot, by virtue of a deed from Messrs. S. O. Nelson & Co. dated 20th June, 1855, and duly recorded in the Recorder's office of said county: and that the appellants being so entitled to the possession thereof, on the 10th August 1855, at the county of Chicot, demanded possession of the same by notice in writing (as it was alleged) according to the statute in

such case made and provided, but the said appellee, although so requested to quit his possession, wholly refused to quit such possession, and deliver the same to the appellants, and has from thence continued unlawfully and forcibly to detain and hold the said land and premises from the appellants, etc. On the filing of the complaint with the affidavit and bond prescribed by the statute, the clerk issued the appropriate writ, returnable to the second Monday in October, A. D. 1855, that being the day on which the next term of the Chicot Circuit Court was holden, after the commencement of the suit.

It appears from the transcript that on the 9th October, 1855, the appellee, by attorney, appeared and filed his two pleas, described as No's 1 and 2, and from the record, in which they are copied, are evidently the general issue, and the statute of limitations setting up three years as a bar. As there is a controversy between counsel in respect to the fact, whether or not these pleas were really filed in legal contemplation, we give the entries, or memoranda on the record, in respect to the subject, as follows: It is certified by the clerk, that those pleas were endorsed thus: " filed in open Court, Oct. 9th, 1855," and again, in that part of the record in which they are copied, immediately preceding the copies, there is the following entry or memorandum, to wit: " and afterwards, to wit, on the 9th day of October, 1855, the defendant by attorney, filed his pleas, No's 1 and 2, etc."

It appears also from the transcript, that on the same day the above pleas were filed, as above shown, the appellee interposed a demurrer to the complaint or declaration of appellants, setting out sundry causes. On the same day the demurrer was filed, it was acted upon by the Court, and judgment rendered thereon in favor of the appellee, and that appellants answer over, which, it seems, they declined to do, but rested upon their declaration. Judgment final was rendered for the appellee,— that the appellants take nothing by their suit, that the appellee have restitution of the lands and premises sued for, and recover his costs, etc.

The appellants appealed, upon which the cause is now pending in this Court.

The appellants assign for error the following, to wit:

1st. That the Court below sustained the demurrer of the appellee to the appellant's declaration.

2d. General assignment.

We will proceed to consider and determine the assignments in the order in which they occur.

1st. Did the Court err in sustaining the demurrer of the appellee to the declaration of the appellants? We think this question has been put completely to rest by this Court, in *McGuire vs. Cook*, (13 *Ark. R.* 448 *et seq.*,) for it will be observed that the declaration fails, or omits to aver that S. O. Nelson & Co., from whom it is alleged the appellants purchased the premises in question, had ever had possession of them prior to the execution of the deed from them to the appellants: and more than this, there is no averment in the declaration to the effect, that the appellants themselves ever had *actual* or *constructive* possession of the premises, or that the appellee was lessee or tenant either of S. O. Nelson & Co., before their sale to appellants, or of the appellants since they became the owners of the land and premises in controversy. As we have just declared in *Bradley vs. Hume*, that " so much of the opinion of this Court in *McGuire vs. Cook*, as declares the action in question (unlawfull detainer) to be merely possessory, and that as a general rule, the plaintiff must have been possessed of the premises to entitle him to maintain this form of remedy; and that he cannot recover upon mere constructive possession arising from his title; and that the action was not designed to be concurrent, in all cases, with ejectment, is fully approved and confirmed. But as much of that opinion as may seem to decide that the plaintiff can in *no case* sustain the action unless he has been himself *actually* in possession of the land we do not approve;" so we reiterate and again affirm here. The declaration in the case at bar, unlike the one in *Bradley vs. Hume*, is totally and utterly deficient in omitting to aver the existence of the relation of landlord and tenant, actual or constructive between the appel-

lants and appellee, so as to constitute the holding over after demand, unlawful and wrongful on the part of the appellee, in the purview of the act under which the proceeding is warranted and had. We are therefore forced to the conclusion from the tenor and letter of the act in question, as well as upon the authority of the cases above referred to, that the Court below did not err in sustaining the demurrer to the declaration in this cause.

But it is insisted upon the part of the appellants, that the demurrer interposed to the declaration, which we have just considered, was waived on the part of the appellee by the interposition of his two pleas in bar filed on the same day. Without conceding this fact, it is maintained on the part of the appellee, that the record does not show that any pleas were really filed by him in the Court below, except so far as the filing order endorsed on the pleas copied in the transcript may indicate, insisting, as he does, that the mere endorsement of the filing on a plea, by the clerk, does not, in legal parlance, constitute the plea "*filed.*" There can be no doubt of the fact " that every declaration, statement or other pleading shall be signed by the party filing the same, or his attorney: and the clerk shall endorse thereon the day on which it was filed, and if filed in term time, shall make an entry thereof on the minutes." (See *Dig. ch.* 126, *sec.* 52, *p,* 804. *Davis vs. Gibson,* 2 *Ark. R.* 117. *Cole & Stephens vs. Wagner ad., Ib.* 154. *Kittlewell et al. vs. Scull,* 3 *Ark. R.* 474. *Duke et al. vs. Crabtree,* 5 *Ark. R.* 478.

On examination of the transcript we think there can be no doubt of the fact, that on the same day, and (the transcript shows from their positions) before the demurrer was filed, the appellee filed his two pleas, Nos. 1 and 2, as the entry expresses it; and the pleas themselves transcribed, manifestly give evidence of their character and purport; thus fulfilling the requirements of the statute in this respect, declared, as it has been by the adjudications of this Court to which we have above referred, to be a substantial requirement, and not one merely directory which may be omitted according to the caprice or discretion of the clerk without prejudice to the parties.

Conceding the question as to the filing of the pleas to be settled in accordance with the views already expressed on the subject—what effect do they have upon the demurrer of the appellee to the appellant's declaration?

Ordinarily, it is irregular, in practice, to interpose a demurrer to the declaration, after pleas in bar have been filed, or as it is better expressed, " a defect in pleading is *aided* if the adverse party *plead over to,* or answer the defective pleading in such a manner that an omission or informality therein is *expressly* or *impliedly* supplied, or rendered formal or intelligible." See 1 *Chitty's Plead.* 671. *McLaughlin vs. Hutchins,* 3 *Ark. R.* 211. *Woods, exparte, Ib.* 532.

But with regard to a defect *in substance*, it seems that it cannot be impliedly cured by the mere effect of pleading over thereto. As for instance, if the defendant plead accord, and do not show satisfaction, and the replication merely deny the *agreement,* this traverse cannot cure the fault in the plea, namely, the omission to show a *satisfaction* to the plaintiff in regard to the cause of action. If, however, the adverse pleading *expressly admit* the fact, which ought to have been stated in the defective pleading, and which is substantially incorrect in omitting it, the error becomes, it is said, immaterial. See 1 *Chitty's Plead.* 672 *et seqr.*

A pleading setting forth a good title defectively, will be cured by pleading over other matter; but a pleading setting up no title whatever, and showing no cause of action or ground of defence in the pleader, will not be cured by pleading over other matter. See *Spear vs. Bricknell,* 5 *Mass. R.; Robbins vs. Luce,* 4 *same* 476.

Applying these rules to the case before us, we are irresistibly forced to the conclusion, that the general rule, which we have laid down in respect to the effect of pleading over after demurrer, does not apply here, for the reason, that the defect existing in the declaration demurred to, was not only a substantial one, but of such a character as to render the declaration utterly and thoroughly defective for the reasons which we have before herein expressed, when treating of the demurrer. We therefore

hold, that the Court below did right, when it disregarded the two pleas of the appellee and proceeded to consider and adjudicate the demurrer; for to hold otherwise in the case, would be, in effect, to require the Court to proceed to do that which would eventually result, as the cause has already done upon demurrer; for the defect in the declaration is of such a character that advantage might be taken of it, as well upon a motion in arrest and writ of error as upon a demurrer.

Entertaining the views that we do, upon the whole record, we hold that there is no error in the judgment of the Chicot Circuit Court in this cause, and we therefore accordingly affirm the judgment.