WORTHINGTON et al. v. WELCH, Administrator.

PRACTICE.—*Motions for new trial; when not necessary.*—Where the proceedings excepted to, as erroneous, appear in the records proper of the court, and the errors can be examined into and ascertained by simply reviewing such records, such cases may be brought to this court by writ of error or by appeal without a motion for a new trial.

*When necessary.*—Where the errors complained of are, in their nature, extrinsic of the records proper of the court, or where the proceedings objected to appear in the records proper, but the errors cannot be ascertained without considering the proceedings in relation thereto, that are extrinsic of such records, such proceedings or matters must be saved by bill of exceptions.

APPEAL FROM CHICOT CIRCUIT COURT.

Hon. HENRY B. MORSE, *Circuit Judge.*

*Garland & Nash,* for Appellants.
*Bell & Carlton,* for Appellee.

SEARLE, J.—This was an action of ejectment brought, in the court below, by the appellee, against the appellant, for the recovery of certain lands situated in Chicot county. The issues were made up and submitted for trial to the court sitting as a jury. The finding and judgment were for the plaintiff, from which this appeal was taken.

The transcript of the record presents us with the evidence introduced upon the trial, to the introduction of which no

exceptions were taken; also, certain propositions of law, as declared by the court, to some of which exceptions were taken; also, certain propositions of law asked by the appellant to be declared by the court, but which the court refused to declare, and to which refusal exceptions were taken.

It appears the above proceedings and facts were brought upon the record by a bill of exceptions, but nowhere appears that a motion for a new trial was made. Was such a motion necessary in the case before us? To answer this question, it is only necessary to reiterate, in brief, the general principles so clearly enunciated in the case of *Steck vs. Mahar*, 26 *Ark.*, 536, and re-affirmed in the case of *Merriweather vs. Erwin*, decided at the last term, and which seem so certainly to be contemplated by our code of practice (see articles IV and V, pages 118–19–20–21, *Civil Code of Practice*) namely: "In any case where the proceedings excepted to as erroneous appear in the records proper of the court, and the errors can be examined into and ascertained by simply reviewing such records, such case may be brought to this court for review by writ of error, or by appeal, without a motion for a new trial."

On the other hand, in all cases where the proceedings, complained of as erroneous, are, in their nature, extrinsic of the records proper of the court, or when the proceedings objected to appear in the records proper, but the errors complained of cannot be ascertained without considering the proceedings in relation thereto, that are extrinsic of such records, such proceedings or matters must be saved by bill of exceptions. And the only method known to the law by which they may be so saved is, that they be tendered to the judge, *upon his overruling a motion for a new trial*, and signed and ordered filed by him. In the case before us, all the proceedings or matters objected to on the trial below, were, in their nature, extrinsic of the record proper, and, therefore, could only be brought upon the record by a bill of exceptions, *in a legal manner* tendered, signed, etc.

There having been no motion for a new trial, the bill of ex-

30

ceptions cannot be regarded as having been *legally tendered*, signed, etc., and the matters therein contained can not be regarded as being legally before us. We must presume, therefore, that the court below committed no error in its proceedings or judgment.

Let the judgment be affirmed.

GREGG, J.—Dissenting, says: This important case goes out of court upon a question of practice.

As heretofore announced, I hold that when the court below is asked to declare the law, and the decisions upon the questions of law are properly excepted to, and all the facts or findings before that court are, by bill of exceptions, brought upon the record, such questions of law ought to be heard in this court without a motion for a new trial.

Where no motion is made for a new trial in the court below, the facts or findings in that court are conclusive and cannot be here examined, but the law held applicable to such findings may, under our civil code of practice, be questioned in this court. But we argued this same question in the case of *Merriweather vs. Erwin, decided December Term,* 1871, and we refer to that without repeating arguments and references to authorities in this.