## GRAY vs. TYLER.

*(1) When action to quiet title will not lie.   (2) When ejectment will lie.
(3) Res adjudicata.*

1. One who has a remedy at law to determine his title to land, cannot maintain an equitable action to quiet the title.
2. The premises in dispute being in the actual possession of one T., under a lease from a decedent under whom both the parties claim, and T. having never attorned to either of them, plaintiff may bring ejectment against T., although the tenant in severalty of a certain office in a building on the premises has attorned to the plaintiff; and should T. attorn to the present defendant, the latter could be joined as defendant in the ejectment (R. S., ch. 141, sec. 3; Laws of 1871, ch. 52, sec. 1; Tay. Stats., 1666, § 4).
3. Where, in an action to quiet title, the trial court finds that plaintiff has no title, and dismisses the complaint, and the appellate court affirms the judgment of dismissal on the sole ground that plaintiff has a remedy at law, the finding of the trial court is not *res adjudicata*, and will not prevent plaintiff's recovery at law.

APPEAL from the Circuit Court for *Grant* County.

Action to quiet title to a lot of land in the city of Boscobel. It is alleged in the complaint that the plaintiff has the legal title to such lot, under certain conveyances from one Robert Gray, and is in possession thereof, and that the defendant unjustly claims title thereto.   The defendant, in her answer, denies both the title and possession of the plaintiff, and claims that she is the owner of the lot by virtue of a conveyance thereof executed to her by the said Robert Gray, and duly recorded.

After trial, the circuit judge found, substantially, that the plaintiff had no title to the lot, and gave judgment dismissing the complaint, with costs.   The plaintiff appealed from the judgment.

*George C. Hazelton,* for the appellant, to the point that an action *quia timet* independent of the statute may be maintained without showing possession in the plaintiff, cited *Pier v. Fond du Lac,* 38 Wis., 481.

For the respondent, the cause was submitted on the brief of *Wm. E. & Geo. B. Carter*, who argued, 1. That plaintiff had no such possession of the premises as would sustain an action under sec. 29, ch. 141, R. S. *Jones v. Collins*, 16 Wis., 594; *Stridde v. Saroni*, 21 id., 173; *Grimmer v. Sumner*, id., 179; *Meade v. Black*, 22 id., 241; *Maxon v. Ayers*, 28 id., 612; *Lee v. Simpson*, 29 id., 337; *Wals v. Grosvenor*, 31 id., 681; *Gunderson v. Cook*, 33 id., 551; *Shaffer v. Whelpley*, 37 id., 334; *Page v. Kennan*, 38 id., 320; *Pier v. Fond du Lac*, id., 470. 2. That a bill *quia timet* will lie only where no adequate remedy at law exists. *Page v. Kennan* and *Pier v. Fond du Lac, supra; Shepherd v. Genung*, 5 Wis., 397; *Danaher v. Prentiss*, 22 id., 311; *Janesville Bridge Co. v. Stoughton*, 1 Pin., 667.

[Counsel on both sides also discussed at length other questions, not here decided.]

LYON, J. If the plaintiff has an adequate remedy at law, he must necessarily fail in this equitable action. This rule is too well settled to be disturbed or questioned. We think he has such a remedy. The circuit judge failed to find who is in possession of the lot in controversy, but an examination of the testimony in the bill of exceptions has satisfied us that a store upon the lot (and whether it covers the whole lot the record does not inform us) is in the actual possession of one Thompson, who holds the same under a lease from Robert Gray (the common source of title), and that Thompson has never attorned to either party, but holds the possession of the store against both of them. Thompson testifies that he paid rent to the plaintiff, but did so by direction of Robert Gray; that he made but one agreement for the premises, and that was with Robert Gray; that he has been in possession thereof ever since July 24, 1871; that the plaintiff never specially informed him that he was the owner of the lot; that he never agreed to hold the premises as the tenant of the plaintiff, or for him; and that

on one occasion, after the death of Robert Gray, and after this action was commenced, the plaintiff wanted some corn of the witness on account of rent, but the latter refused to let him have it on such account, but did let him have it under an agreement that the plaintiff should pay cash for it if this suit should be declared against him. We see no reason to doubt the truth of this testimony. Of course, it fails entirely to prove an attornment by Thompson to the plaintiff, but it proves the opposite.

Clearly the plaintiff, if he owns the lot, can maintain eject-ment against Thompson to recover it; and, should the latter at-torn to the defendant, the plaintiff may, under the statute, make the defendant a party to such action, and compel her to liti-gate therein her claim of title or abandon it. R. S., ch. 141, sec. 3; Laws of 1871, ch. 52, sec. 1; Tay. Stats., 1666, § 4; *Pier v. Fond du Lac*, 38 Wis., 470, and cases cited. It can-not alter the case, that the tenant in severalty of a certain office in the store building has attorned to the plaintiff. That fact does not destroy the plaintiff's right to maintain eject-ment against Thompson and the defendant.

We affirm the judgment of the circuit court on the sole ground that the plaintiff has an adequate remedy at law. We express no opinion on the merits. The findings of the court adversely to plaintiff's claim of title are not *res adjudicatæ* on that question, and will not prevent a recovery of the lot by him in an action at law.

This is a controversy between a brother and sister for prop-erty which their aged father, now deceased, attempted in his lifetime to give to each of them. It is doubtful which of them is legally entitled to it. The value of the property is not large, and there ought not to be any further litigation over it. If the parties cannot agree on terms of compromise, they should call upon discreet friends to do so for them, and thus close the controversy.

*By the Court.*—Judgment affirmed.