A. J. FRIEDLANDER, APPELLEE, V. J. J. RYDER, ET AL., APPELLANTS.

[FILED NOVEMBER 18, 1890.]

1. **Lease:** FIXTURES: LESSEE CANNOT RE-ENTER TO REMOVE. A tenant in possession under a lease which does not provide that he may remove his fixtures and improvements, cannot, after he has surrendered possession to his landlord, re-enter and remove his fixtures.

2. ———: ———: RIGHTS OF LESSEE'S CREDITOR. A creditor, by the levy of an execution upon a tenant's fixtures, acquires no greater rights therein, or to remove the same, than the tenant had.

3. ———: SALE OF PREMISES: NOTICE OF LESSEE'S RIGHTS. When a tenant is in the actual possession of real estate at the time it is sold by the landlord, the purchaser is chargeable with notice of the rights of the tenant.

4. ———: FIXTURES: MUST BE REMOVED WITHOUT INJURING PREMISES. Unless there is a stipulation in the lease to the contrary, a tenant can only remove such improvements erected by him, the removal of which will not materially injure the premises or put them in a worse condition than they were in when he took possession. (*Lanphere et al. v. Lowe*, 3 Neb., 131.)

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*John P. Breen,* for appellant, cited: *Van Ness v. Packard,* 2 Pet. [U. S.], 137; *Linahan v. Barr,* 41 Conn., 471; *Rogers v. Brokaw,* 25 N. J. Eq., 496; *Wall v. Hinds,* 4 Gray [Mass.], 271; *Ombony v. Jones,* 19 N. Y., 234; *Lanphere v. Lowe,* 3 Neb., 135; *Smith v. Whitney,* 18 N. E. Rep. [Mass.], 229; *Townsend v. Underhill,* Pa. Com. Pl., 6 Pa. Co. Ct., 545; *Wing v. Gray,* 36 Vt., 261–8; *Dubois v. Kelly,* 10 Barb. [N. Y.], 508; Devlin, Deeds, sec. 770; *Dietrichs v. R. Co.,* 13 Neb., 43; *Wilgus v. Gettings,* 21 Ia., 177; Wood, Land. & Ten., sec. 516; *Mason v. Fenn,* 13 Ill., 525; *Waterman v. Clark,* 58 Vt., 601; *Mills v. Redick,* 1 Neb., 437; *Sec. Nat'l Bk. v. Merrill,* 34 N. W. Rep. [Wis.], 514; *Kerr v. Kingsbury,* 39 Mich., 150.

*A. C. Troup, contra,* cited: *Godfrey v. Walker,* 42 Ga., 562; *Farnam v. Hohman,* 90 Ill., 312; *Cook v. Creswell,* 44 Md., 581; Taylor, Land. & Ten., secs. 551 (and note), 553; Wood, Land. & Ten., sec. 532, and authorities cited in note, page 892; *Erickson v. Jones,* 35 N. W. Rep. [Minn.], 267; *Darrah v. Baird,* 101 Pa. St., 265.

NORVAL, J.

On July 8, 1885, one Malina Sanchezcrey entered into an article of agreement for the purchase from the South Omaha Land Company of lot 4, in block 81, South Omaha. Subsequently she erected on the north half of the lot a two-story frame building, and on the 1st day of October, 1886, she leased the said north half to one George Boyle for the term of one year with the privilege of three years more, at his option, the stipulated rent being $50 per month. Boyle went into possession under the lease, and while in

possession he erected a frame addition to the building which had been constructed by Mrs. Sanchezerey.  The defendants claim that the lease contained a provision giving the tenant the right to remove all buildings he should construct upon the premises.  The plaintiff denies that the lease contained such stipulation.  Mrs. Sanchezerey assigned her contract of purchase to one Moses Horrowich, on December 7, 1886, who completed the payments to the South Omaha Land Company and received a deed for the lot. On the 30th day of April, 1887, Moses Horrowich and wife sold and conveyed by warranty deed the lot to Abraham J. Friedlander, the plaintiff, who is still the owner thereof. This deed was filed for record in the county clerk's office of Douglas county on April 23, 1887.  Boyle on the 4th day of February, 1887, assigned the lease to one Thomas Higgins, and on the same day executed a bill of sale to Higgins for the frame addition erected by Boyle.  Higgins went into possession of the premises under the lease, and remained in the occupancy thereof until the latter part of December, 1887.  On the 12th day of January, 1888, Higgins, it is claimed, assigned the lease to Mary E. Hewitt, one of the defendants, and at the same time sold her his interest in the frame addition.  The Hewitts took possession, and paid the rents for a time.  Having quit paying rent, and being in default thereof, the lease was declared forfeited for that reason, and on March 19, 1888, the plaintiff A. J. Friedlander brought an action of forcible detainer against Harry Hewitt, the husband, before J. S. Morrison; a justice of the peace in and for Douglas county, to recover the possession of the premises.  The justice found the complaint of the plaintiff to be true and rendered a judgment of restitution on the 4th day of April, 1888.  On the same day a writ of restitution was issued, and two days later the Hewitts were dispossessed by an officer under the writ.

It also appears that some time in April, 1888, and after

the judgment of restitution was entered, the defendants Ryder & Glick recovered a small judgment before a justice of the peace of Douglas county against Harry W. Hewitt and Mary E. Hewitt, and that an execution was issued thereon, which was levied upon the frame addition above referred to, as the property of the Hewitts. The officer holding the execution having advertised the addition for sale, and the Hewitts having threatened to remove the improvement, the plaintiff filed his bill in the district court to enjoin the sale and removal.

A trial was had to the court, with findings and judgment for the plaintiff. The defendants appeal.

It is claimed by the appellants that the lease from Mrs. Sanchezerey to Boyle contained a stipulation that the tenant could remove all buildings he should erect thereon during the continuation of the lease. The original lease was not produced on the trial, and without showing that it was not in existence, the defendants introduced a purported copy thereof, which contained such a clause. Whether such a provision was in the original lease when executed is not so clear. The lease, soon after its execution, was recorded in the county clerk's office of Douglas county. The record thereof was produced at the trial, and it contained no stipulation authorizing the tenant to erect and remove buildings, nor did it prohibit the erection and removal of improvements. The parties to the lease were not called to prove its terms. Theodore Elliott and M. H. Ish, being called as witnesses by the defendants, testified to having made the copy of the original lease introduced in evidence, after it had been assigned to Mrs. Hewitt. While it may be true that they made a correct copy of the paper then before them, they could not know that it contained the disputed clause at the time of its execution, as they never saw the instrument until many months after it was made. This testimony was not sufficient to overcome the record of the original made by the

county clerk. The finding of the trial court, that the original lease contained no such a provision, was certainly justified by the evidence.

Under the lease, as established by the evidence, the tenant had a right, before the surrender of possession, to remove any improvements owned by him which are embraced under the head of tenant's fixtures, but the tenant had no authority to remove such improvements after the termination of the tenancy; in other words, the tenant could not re-enter to remove his fixtures after the surrender of possession to the landlord. In the case at bar the addition constructed by the tenant was not removed before the tenant was ousted under the writ of restitution. It is true, before the writ of restitution was served, the execution in favor of Ryder & Glick was levied upon the addition. But we fail to see how that could affect the rights of the plaintiff. These creditors, by the levy of their execution, obtained no greater rights in the premises than had their debtors, the Hewitts. If the Hewitts had no right to re-enter and remove the property after they had been dispossessed under the writ of restitution, then it would seem clear that their creditors had no such right.

It is claimed that the lease was transferred to Mrs. Hewitt and not to her husband, and as she was not a party to the forcible detainer suit, she is not bound by the proceedings therein. It does appear from the copy of the lease introduced in evidence by the appellants that it was assigned to her; yet it is equally certain that Friedlander, the plaintiff, was not aware that Mrs. Hewitt claimed any interest in the premises until long after this suit was instituted. The testimony shows that her husband stated to the plaintiff's agent, Andrew Rosewater, just after the Hewitts took possession, that the lease had been transferred to Mr. Hewitt. It was he who paid the rent. The transcript of the detainer suit shows that Mrs. Hewitt was a witness for her husband on the trial of that case. There

is ample testimony in the record to warrant the conclusion that the husband was the plaintiff's tenant. But if it be conceded that Mrs. Hewitt owned the improvements claimed as fixtures, she has forfeited all right thereto. She failed to pay the rent and the lease was forfeited for that reason. She made no effort to remove the improvements prior to the taking of possession by the plaintiff of the leased premises.

The plaintiff contends that he is an innocent purchaser and had no notice when he purchased from Horrowich that the tenant in possession claimed to own the addition in question. The testimony shows that one Hammond represented the plaintiff in making the purchase. The testimony introduced for the purpose of showing that Hammond had actual notice that the addition belonged to the tenant, is conflicting and unsatisfactory. Horrowich and his wife each testified at the trial that they informed Hammond at the time the deed was executed that the addition did not belong to them but was the property of the tenant. This is contradicted by the testimony of Hammond. As a reviewing court, we only examine the evidence to see whether it sustains the finding of the trial court. The testimony of Hammond, if true, was sufficient to base a finding that the plaintiff was not chargeable with actual notice of the rights of the tenant. In our view, it is quite immaterial whether Friedlander had actual notice of the claims of the tenant or not. The latter was in the open, notorious possession at the time the plaintiff became the owner of the lot. This was sufficient notice of the rights of the tenant. (*Wing v. Gray*, 36 Vt., 261; *Dubois v. Kelly*, 10 Barb., 508; Devlin on Deeds, sec. 770.)

This brings us to the consideration of the question, Was the addition erected by the tenant of such a character that the law would permit him to remove it? The evidence shows that at the time the premises were leased by Boyle,

there stood upon the lot and attached to it a frame two-story building. To the front of this building Boyle, while in possession, erected a frame addition 24x20 feet in dimensions, two stories in height. It was placed upon wooden posts set in the ground. This addition, as well as the old portion of the building, was sided with shiplap. In the construction of the addition all the windows in the front of the old building were taken out, the openings made thereby were sealed up with boards. An opening was cut in the front of the upper story of the old part and as a means of communication between the old and new parts a door was hung therein. The eaves of the main building, where the addition joined, were cut off, and the roof of the two parts were so connected as to use one drainage. The addition next to the old part was not sided, but a row of studding was placed there which, as well as the sill of that side of the addition, were nailed to the main building. There is also evidence tending to show that the siding was removed from the front of the old house where the new was joined. This is denied by some of appellant's witnesses. It further appears in testimony that the tenant at one time presented to the landlord a bill for repairs made by the tenant on the new part, the amount of which was allowed by the landlord and deducted from the rents. It is obvious that the new part could not be removed without material injury to the old portion, and if separated and removed neither part would be a complete structure. We do not deny the right to remove this addition on the ground that it was attached to the freehold, but because the improvement was of such a character and was so annexed to the main building that its removal would greatly injure the demised premises. The modern decisions are to the effect that a tenant can only remove such improvements erected by him, the removal of which will not materially injure the premises or put them in a worse condition than they were in when he took posses-

sion. (*Lanphere et al. v. Lowe*, 3 Neb., 131; 1 Washburn on Real Property, sec. 27; Taylor's Landlord and Tenant, sec. 550; *Whiting v. Brastow*, 4 Pickering [Mass.], 311.)

We are convinced, from a careful reading of the testimony, that the improvement placed upon the leased premises was practically an enlargement of the old building, and that it cannot be removed without considerable injury to the premises. The judgment of the district court is

AFFIRMED.

THE other judges concur.