Wilson, J.
The material and undisputed facts, so far as necessary to a proper understanding of the issues involved in this cause, are substantially as follows:
The plaintiff mining and milling company was the owner of the Cardinal lode mining claim in Cripple Creek mining district. It leased said mining claim to J. J. McFeely, one of the conditions of the lease being that the lessee should not remove any timbers, buildings or other improvements then being on the claim, or which might thereafter be placed there by him, his heirs or assigns. The lease gave to the lessee the power to sublet. Afterwards, the lessee sublet the claim to a corporation called the Cardinal Gold Mining Company; and, among other conditions, inserted into the lease the same one to which we have referred and which was in the original lease from the owner of the property. Afterwards, two of the appellees, W. S. and F. E. Boynton commenced suit before a justice of the peace against the Cardinal Company in an action of debt to recover the sum of about $145. Suit was by attachment, the writ being issued and delivered to defendant Lambert, constable in the precinct, who levied it upon a shaft house, an iron rail track in the drifts of the mine and on the surface, some 'iron piping and some other improvements, all placed upon the mining claim by the sublessee, the Cardinal Gold Mining Company, defendant in the attachment suit. All of the property levied upon was claimed by the attaching ered *447 itor to be personal property and belonging to the Cardinal Company. Judgment being obtained by the plaintiffs in the attachment suit, the property levied upon was sold under execution from the justice, the plaintiffs in the suit becoming the purchasers and thereafter tearing down and removing it. Before sale, the plaintiff company notified the plaintiffs in the attachment suit that they were the owners of the property seized. Whereupon, they gave an indemnifying bond to the constable and he proceeded to sell as herein stated. Plaintiff brings this suit to recover the value of the property so removed, of which it claimed to be the owner, and for damages. On the trial, after the plaintiff had introduced all the testimony desired in its behalf, and had rested, the defendants made a motion for a nonsuit, which was sustained.
The defendants contend that the property seized and sold consisted of purely trade fixtures, and was therefore personal property which the tenant, irrespective of any agreement to the contrary, had a right to remove at the expiration of the lease, and hence was subjeet to levy under attachment or execution against the tenant. There might be some question as to whether some portions of this property seized were trade fixtures subject to be removed by the tenant or not, but, as will be seen, we are relieved from the discussion of this question. The defendants admit that the agreement in the lease that none of the property should be removed by the tenant was conclusive between the lessor and the lessee, but claim that it was not binding upon them, and could not affect their right to attach and sell and remove, because they had no notice of such agreement. This is the decisive question in the case. The necessity for any extended consideration or discussion of this question is obviated by the fact that it has been settled by this court. Gates Iron Works v. Cohen, 7 Colo. App. 341. The pivotal point in that case arose upon the fifth special finding of the trial court, which was to the effect that before the intervener, who claimed to be the owner of the attached property, was entitled to recover, it was necessary for him to affirmatively show, among *448 other things, that the attachment plaintiff had notice, either constructive or actual, of the agreements between the owner of the realty and the intervener, upon which the intervener relied to establish his ownership of the property attached. It was identically the same principle as that involved here. The court, speaking through Judge Thomson, said:
“If the controversy were between the intervener and a purchaser of the real estate for value, and without notice of the intervener’s claim, the question whether, under the facts in evidence, 1ns purchase would embrace the machinery as part of the realty, might be troublesome ; but a party whose only claim upon the property arises from the levy of an attachment, occupies a different position in relation to the title. He has parted with no value. If his levy fails of its purpose, he sustains no loss, and is in no worse position than he occupied before the attachment; so that the reasons for extending protection to innocent purchasers, who have parted with their money upon the faith of an apparent title do not apply to his case. In the absence of statutory provision to the contrary, an attachment can operate only upon the title which the defendant actually has when the attachment is made. The lien of an attachment or of a judgment binds the property upon which it operates against any subsequent act of the defendant, but it does not affect rights in third persons outstanding at the time it is acquired, ” citing a number of authorities.
We can add nothing to what has here been so tersely and forcibly expressed. This is undoubtedly the general rule, and is sustained by the great weight of modern authority. An attaching creditor can acquire no greater right to improvements or fixtures — whether' trade or otherwise — placed upon the leasehold by the tenant than the tenant himself had. Waples on Attachment and Garnishment, § 258 ; Mauwaring v. Johnson, 61 Mich. 139; Morey v. Hoyt, 62 Conn. 547; Friedlander v. Rider, 30 Neb. 783; Rex v. Topping, McClel. & Y. 558.
The argument of counsel for the appellees is largely ad *449 dressed to the principle involved in a controversy between an innocent purchaser for value and the landlord or lessee. The doctrine involved in such cases is, under all the authorities, quite different from that in cases like the one at bar, where the dispute is between an attaching creditor of the tenant and the landlord or owner of the realty.
There was evidence to the effect — and undisputed — that notice was given to the defendants, before sale, of its ownership of the property in question. The effect of such notice given after the lien of attachment had been acquired, if such was the case, it is not necessary to discuss. Under the decision of this court, to which we have referred, no notice was necessary to entitle the plaintiff to recover. This being the material and decisive question in the case, and it being resolved against the defendants, the judgment will be reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed.