WHITHAM v. LEHMER.

No. 789, Ind. T.   Opinion Filed November 17, 1908.

(98 Pac. ˙351.)

1.   INDIANS—Leases by Allottees—Multiple Leases.   The validity of a lease for a term of five years for agricultural purposes made of his allotment by a citizen of the Creek Nation dated September 11, 1902, is not affected by one or more void leases made by such allottee either before or after its execution.

2.   VENDOR AND PURCHASER—Notice—Tenant in Possession. When a tenant is in the actual, open, and exclusive possession of real estate at the time it is sold by his landlord, the purchaser is chargeable with notice of all the legal or equitable rights of the tenant therein.

3.   EQUITY—Adequate Remedy at Law—Possession of Land.   The purchaser of a tract of land with an outstanding lease thereon in the possession of a tenant of the grantor has an adequate remedy at law to test the right of possession and the validity of such lease.

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory; William R. Lawrence, Judge.*

Action by George Lehmer against Edwin Whitham.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

*Preston C. West,* for appellant.
*Hutchings, Murphey & German,* for appellee.

DUNN, J.   This is a suit growing out of a controversy over the lease of a certain tract of land purchased from the allottee, by George Lehmer, appellee, who was plaintiff in the court below, and who brought the suit in the United States court for the Western district of the Indian Territory, sitting at Muskogee, against Edwin Whitham, who was claiming possession of the same under a lease or leases, executed by the allottee prior to the sale.   On is-

sue being joined, and the suit coming on for trial, the cause was referred to a master in chancery to take evidence and to report with his conclusions. The facts in the case and the conclusions as found by the master are as follows:

"(1)    I find that Edward Weaver was a member and citizen of the Creek Tribe or Nation of Indians, and that on the 2d day of August, 1902, he had selected his allotment as such citizen, 120 acres thereof being the land described in plaintiff's bill of complaint, and that this 120 acres did not include his homestead.

"(2)    I find that on that day, to wit, August 2, 1902, the said allottee, Edward Weaver, executed and delivered to J. D. Ward and J. H. Kee a certain lease contract of the lands in controversy, for a term commencing on the 1st day of January, 1903, and ending December 31, 1907, for agricultural purposes.

"(3)    I find that this lease contract was duly assigned by Ward & Kee to one Henry McCandless on January 27, 1903, by a written indorsement thereon, and on March 27, 1903, was transferred by Henry McCandless to Alva Wright by a written indorsement thereon, and on the same day, to wit, March 27, 1903, was transferred by the said Alva Wright to the defendant Edwin Whitham by a written indorsement thereon.

"(4)    I find that on September 11, 1902, the said allottee, Edward Weaver, executed and delivered a certain rental contract of the lands in controversy to one R. B. Hutchinson for a term of five years from the 1st of April, 1903. This lease was afterwards transferred by the lessee, R. B. Hutchinson, to the Muskogee Development Company, and by the Muskogee Development Company was sold and transferred to the defendant Edwin Whitham.

"(5)    I find that on the 8th day of August, 1903, the allottee, Edward Weaver, executed and delivered to the defendant Edwin Whitham a certain rental contract of the lands in controversy for a term of five years from the 1st day of January, 1904.

"(6)    I find that on the 18th day of December, 1903, the plaintiff, George Lehmer, purchased the land in controversy at a public sale of lands held by the United States Indian agent at Muskogee, Ind. T., he being the highest and best bidder therefor and so declared by the United States Indian agent; that the allottee accepted such bid and executed and delivered a warranty deed to the plaintiff, George Lehmer; that said deed was thereafterwards,

and on January 30, 1904, approved by the Honorable Secretary of the Interior.

"(7) I find that on the 12th day of March, 1904, and after the institution of this suit, the plaintiff, George Lehmer, transferred the lands in controversy in this suit by warranty deed executed and delivered to one James Edward Chuming, and that on the 8th day of April, 1904, James Chuming and wife transferred their right and title to the premises by warranty deed executed and delivered to one Henry B. Nelson, who is now the real party in interest as plaintiff.

"(8) I find that the defendant, Edwin Whitham, went into the possession of the premises in controversy about the 1st of May, 1903, under the Ward & Kee lease; that the land was entirely unimproved; that he has been in continuous possession of the premises ever since; that he has built a box house, stable, chicken house, dug a well, broke out 60 acres of the land, and fenced the entire 120.

"(9) I find that thereafter the defendant, Whitham, received information that the Muskogee Development Company held a lease upon the same premises, and that he took the Ward & Kee lease, under which he held, to R. P. De Graffenreid, Esq., an attorney and counselor at law, at Muskogee, in this district, who advised him that the Ward & Kee lease was absolutely worthless.

"(10) I find that the defendant Whitham, after receiving this advice from Attorney De Graffenreid, and on the 8th day of August, 1903, went to see the allottee, Edward Weaver, and asked Weaver to execute to him a lease upon the premises in controversy, and that the said Weaver did execute and deliver to the defendant Whitham a lease upon the premises, dated August 8, 1903, running for a period of five years from the 1st day of January, 1904.

"(11) I find that after defendant Whitham had taken this lease from Weaver that the Muskogee Development Company notified Whitham that they held a lease upon the same premises, and, if he did not come over and settle with them in some way, they were going to commence suit for possession, that he paid the Muskogee Development Company the sum of $131.50 for the R. B. Hutchinson lease, and that the Muskogee Development Company then signed and delivered to the defendant Whitham the Hutchinson lease.

"(12) I find that the defendant Edwin Whitham paid Alva Wright the sum of $275 for the Ward & Kee lease.

"(13) I find that the defendant Whitham purchased the Ward & Kee lease in good faith, believing it to be valid; that he afterwards took a lease from the allottee to himself because he was advised by learned counsel that the Ward & Kee lease was worthless; that he bought the R. B. Hutchinson lease from the Muskogee Development Company because he was advised by N. A. Gibson, Esq., an attorney at the bar of this court, that their lease was better than his own, and he was advised to buy it in.

"(14) I find that the defendant Edwin Whitham in buying the Ward & Kee and R. B. Hutchinson leases had no intention of extending the term of his lease for a period exceeding five years or of violating the terms of the treaty in that respect.

"(15) I find that the defendant Edwin Whitham was not at the time of filing the bill of complaint, and is not, insolvent, as alleged in the bill.

### "Conclusions of Law.

"From the foregoing findings of fact I conclude that the defendant Edwin Whitham is in the lawful possession of the premises in controversy under the lease executed and delivered to him by Edward Weaver on the 8th day of August, 1903, for a term of five years, beginning January 1, 1904."

To the facts found and the conclusion reached the plaintiff George Lehmer filed exceptions, as did also the defendant, and on a hearing had thereon the court overruled the exceptions of the defendant and sustained the exceptions of the plaintiff, and the question before us for determination is whether or not it erred in so doing.

There were but two witnesses introduced in the case whose testimony, along with the documentary evidence offered, covered the proof tendered, and there is practically no dispute upon any material fact. From a careful consideration of the entire record before us, we are of the opinion that the findings of the referee on the facts are reasonably sustained by the evidence. Hence they will be the basis for our conclusion as to the law applicable to the issues involved.

June 30, 1902, Congress passed an act entitled "An act to ratify and confirm a supplemental agreement with the Creek Tribe

of Indians and for other purposes." Act June 30, 1902, c. 1323, 32 Stat. 504. Section 17 of this act provides as follows:

"Creek citizens may rent their allotments, for strictly non-mineral purposes, for a term not to exceed one year for grazing purposes only and for a period not to exceed five years for agricultural purposes, but without any stipulation or obligation to renew the same. Such leases for a period longer than one year for grazing purposes and for a period longer than five years for agricultural purposes, and leases for mineral purposes may also be made with the approval of the Secretary of the Interior, and not otherwise. Any agreement or lease of any kind or character violative of this paragraph shall be absolutely void and not susceptible of ratification in any manner, and no rule of estoppel shall ever prevent the assertion of its invalidity."

It is the contention of the appellee, plaintiff below, that if the first lease which appellant purchased was good at all, in view of the fact that it was made prior to the operation of the act cited, that the defendant was occupying the land under three different leases at the same time, which, from the beginning to the end, ran for more than five years, and, as the making of a lease to exceed five years for agricultural purposes or an obligation for the renewal of one for five years is prohibited, and as the leases were not merged, that they were all void, and hence defendant had no right or claim upon the land which he could hold as against the purchaser. We are not able to agree with counsel in this contention.

As is seen from the statement of facts, the allottee executed and delivered to three different parties three different leases on his allotment. The first of these leases, called the Ward & Kee lease, was made and delivered on August 2, 1902, and ran for a period of five years from January 1, 1903. The second lease, known as the Hutchinson lease, which was purchased by the Muskogee Development Company, and sold by it to the defendant Whitham, was executed by the allottee on September 11, 1902, and ran for a period of five years from April 1, 1903. The third lease, which for convenience we will denominate the Weaver lease, as it was

taken direct from the allottee, was executed and delivered on August 8, 1903, and ran for a term of five years beginning January 1, 1904, and ending January 1, 1909. It will thus be seen that the time involved and covered by these three leases was from January 1, 1903, to January 1, 1909, or a period of six years. The act in question in our judgment by providing that an allottee may make a lease of his land for agricultural purposes, but without any obligation or stipulation for a renewal thereof for a term of not to exceed five years, is intended to make it impossible for an allottee to make a valid lease of his land for a longer period than five years, and to render invalid any such lease for five years carrying with it an obligation or stipulation for its renewal, and also in our judgment the spirit and intention of the act goes to the extent of precluding the allottee from leasing his land in any manner, so that on the expiration of five years from any date, after the beginning of the term of a lease granted, he cannot have it free, clear, and unincumbered. This appears to us to be the reasonable construction of this statute. It is the contention of plaintiff that because the allottee executed these leases, the terms of which in the aggregate ran for a period longer than five years, this rendered them all null and void and of no force or effect to protect the lessee in his possession under either or any of them.

It is plaintiff's contention that the Ward & Kee lease made August 2, 1902, was void because made prior to the 8th day of August, 1902, which was the date he contends the law granting the privilege of making an agricultural lease for five years became effective. He contends that both the Hutchinson and Weaver leases were void because they were involved in the excessive term granted by the allottee, and, being so involved, neither of them was a protection to the lessee. If the Ward & Kee lease was invalid, as contended for by plaintiff, then there was nothing to preclude the allottee from making, and the defendant from taking, another lease. On the other hand, if the Ward & Kee lease was valid, then the defendant, having purchased it had a right to claim under it.

The making of the Hutchinson lease or the Weaver lease, independent transactions, with the terms they carried, might render them void; but the fact that they were void would in no wise affect the validity of the valid lease. So that it is unnecessary for us to say whether the Ward & Kee lease was valid or invalid, and we decline to pass upon it further than to hold it, for the purposes of this case, in the same light in which it was held by, not only the plaintiff, but also by the allottee and the defendant, all of whom have treated it as if it were void. This being true, then there remained nothing to preclude the allottee from making a valid lease, and we find that on September 11, 1902, and after the supplemental agreement was in full operation, he executed and delivered the Hutchinson lease to run for a period of five years from April 1st of the following year. This lease was an independent contract from the Ward & Kee lease. It did not mention it, and there is no evidence to show that it was intended to renew it for another term, or that there was any stipulation or obligation for its renewal. There is nothing in the act to preclude the allottee from making a lease to begin at some future date, and the fact that the term of the lease bearing the date of September 11, 1902, was not to begin until April 1, 1903, in no wise, in our judgment affected its validity.

Whitham, without knowledge of the Hutchinson lease, in March, 1903, purchased the Ward & Kee lease, and on or about the 1st of May of that year went into possession of the tract, and began to fence, break out, build upon, and develop the same into a farm. While thus engaged, he was informed about the lease held by the Muskogee Development Company, and, on taking counsel was advised that the lease under which he held was void. Relying upon this information, he procured from the lessee direct the Weaver lease, dated August 8, 1903, the term of which ran for a period of five years from January 1, 1904. After procuring this, he was notified by the Muskogee Development Company that, unless he bought and paid for the lease held by it, proceedings to evict him from the land would be commenced. The defendant

again sought counsel, and was once more informed that the lease under which he held, the Weaver lease, was void, that the Hutchinson lease was valid and enforcible, and that, in order to protect himself and his improvements, it would be necessary to purchase immunity from the suit of the Muskogee Development Company. This he did, but he no sooner secured this title than the allottee made sale of the land to the plaintiff in this action, who brought suit to oust him because he was holding under too many leases. There is practically no dispute in these facts. The evidence is virtually all one way, and is in accord with the findings of the master. On this the master recommended the cancellation of the Ward & Kee and the Hutchinson leases, and held the Weaver lease valid. In our judgment this is not the correct conclusion, as to our minds the Hutchinson lease which was outstanding at the time of the execution of the Weaver lease, and of which defendant had notice, was, assuming and conceding plaintiff's position in reference to the Ward & Kee lease, valid, and as it was in full force from April 1, 1903, to April 1, 1908, the allottee could not under the facts in this case and the terms of the act make a lease on August 8, 1903, which would bind him and his allotment from January 1. 1904, to January 1, 1909, because, considering the term of the Hutchinson lease, it would cover a term of more than five years.

Appellant's counsel in his brief takes the position that, viewing the case from the standpoint of the defendant there could be no inequity in his purchasing this outstanding adverse title. This would certainly be the law under any other condition than existed under this statute. Counsel in viewing the case from the position of the defendant overlooks in his argument the controlling proposition, which is that, considering the unexpired portion of the outstanding valid lease for five years, the allottee was powerless to make another lease binding himself and his land for a term greater than five years. So that the judgment will be modified to the extent of holding valid the Hutchinson lease and recognizing the defendant's right in and to the land thereunder.

The defendant has placed valuable and lasting improvements upon the tract in question, and was living upon it in open, notorious, exclusive possession at the time of plaintiff's purchase, and this carried with it to plaintiff when he purchased notice of the extent of his rights therein. Wade on Notice, § 275; 2 Devlin on Deeds, § 770; Jones on Landlord and Tenant, § 427; *Jowers v. Phelps, Adm'r*, 33 Ark. 465; *Friedlander v. Ryder et al.*, 30 Neb. 783, 47 N. W. 83, 9 L. R. A. 700. The rule we have declared above is succinctly and properly stated in the case of *Friedlander v. Ryder, supra*, wherein the Supreme Court of the state of Nebraska said:

"When a tenant is in the actual possession of real estate at the time it is sold by the landlord, the purchaser is chargeable with notice of the rights of the tenant." ·

In reference to the character of suit brought, we will say that from the pleadings and the evidence it is manifest that there is no equity in plaintiff's complaint or bill. He had a complete and adequate remedy at law, either by ejectment or forcible detainer. Van Zile, Equity Pleading & Practice, § 426; 2 Bates, Pleading, Practice, Parties & Forms, p. 1527; Newell on Ejectment, p. 383; Warvelle on Ejectment, §§ 12, 13; *Whitehead v. Shattuck*, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873; *Gray v. Tyler*, 40 Wis. 579; *Lawrence v. Zimpleman*, 37 Ark. 643; *Wetherell v. Eberle*, 123 Ill. 666, 14 N. E. 675, 5 Am. St. Rep. 574; *Halliburton v. Summer*, 27 Ark. 464; *Bradley v. Hume*, 18 Ark. 284; *Frank v. Hedrick*, 18 Ark. 304; *Johnson v. West*, 41 Ark. 535; *Ish v. Morgan, McRae & Co.*, 48 Ark. 413, 3 S. W. 440; *Showalter v. Granville Ryles, ante*, p. 329, 97 Pac. 569.

The judgment of the lower court is accordingly reversed, and the case is remanded, with instructions to set aside the judgment heretofore rendered, and enter one in accordance with this opinion.

Williams, C. J., and Turner, J., concur; Kane and Hayes, JJ., concur in conclusion.